IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | 06-365-1 |
| | : | |
| LAVAR BROWN | : | CIVIL ACTION |
| | : | 16-2208 |

March  9th , 2022                                                                                          Anita B. Brody, J.

## MEMORANDUM

Currently before me is Lavar Brown's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. For the reasons set forth below, I will deny Brown's § 2255 motion.

## I. BACKGROUND

The Third Circuit has summarized the essential facts of Brown's case as follows:

> On January 31, 2005, at approximately 11:20 a.m., Lavar Brown and an unnamed co-conspirator robbed the Nova Savings Bank in Wynnewood, Pennsylvania. Shortly thereafter, Officer Thomas Hollinger observed two men drive by in a gold vehicle. When Officer Hollinger attempted to stop the vehicle by activating his emergency lights and siren, the car accelerated and a high speed chase ensued. Moments later, Brown jumped out of the moving car and was pursued, on foot, by Officer Hollinger into an alley where he was apprehended. Brown was wearing black clothing and had a mask pulled down around his neck. The officer found a blue pillowcase containing money and a loaded .45 caliber semi-automatic pistol near the alleyway. Brown was arrested and brought to the police station for questioning. After waiving his Miranda rights, Brown gave three statements to police admitting his role in the bank robbery.

*United States v. Brown*, 445 F. App'x 474, 475–76 (3d Cir. 2011).

On September 29, 2009, a jury convicted Brown of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371; armed bank robbery, and aiding and abetting, in violation of 18 U.S.C. §§ 2113(d) and 2; carrying and using a firearm during and in relation to a crime of violence, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2; and

being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Brown was sentenced to 300 months of imprisonment.

Brown appealed his conviction. On September 20, 2011, the Third Circuit affirmed Brown's conviction.

## II. STANDARD OF REVIEW

Section 2255 empowers a court to "vacate, set aside or correct" a sentence that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). If a party is entitled to relief under § 2255(a), "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* § 2255(b). A petitioner is entitled to an evidentiary hearing unless the motion, files, and records of the case show conclusively that the petitioner is not entitled to relief.[1] *Id.*

## III. DISCUSSION

On May 6, 2016, Brown filed a motion under § 2255 based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). Specifically, Brown argued that, in light of *Johnson*, his conviction under 18 U.S.C. § 924(c) and his sentence based on the career offender guideline were no longer valid. On December 24, 2021, Brown filed a pro se supplement to his § 2255 motion, adding claims of ineffective assistance of counsel and government misconduct.

A one-year period of limitation applies to petitions filed under § 2255. 28 U.S.C. 2255(f). That limitation period runs from the latest of

(1) the date on which the judgment of conviction becomes final;

---

[1] No evidentiary hearing is necessary because the motion, exhibits, and records conclusively establish that Brown is not entitled to relief.

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The timeliness of a § 2255 motion is determined on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113, 117-22 (3d Cir. 2004).

    The government concedes that Brown's *Johnson* based claims are timely because they were filed within one year of *Johnson*, which qualified as a newly recognized right made retroactive to cases on collateral review under § 2255(f)(3). The government argues, however, that Brown's supplemental ineffective assistance of counsel and government misconduct claims are time-barred.

    **A. Ineffective Assistance of Counsel and Government Misconduct Claims**

    Brown does not allege that he was prevented by governmental action from bringing his ineffective assistance of counsel and government misconduct claims. He also does not allege that these claims are based on a newly recognized right or newly discovered facts. Therefore, these claims are only timely if they were filed within one year of the date on which Brown's judgment of conviction became final.

    On September 20, 2011, the Third Circuit denied Brown's appeal. On December 19, 2011, Brown's judgment of conviction became final when the time to file a petition for certiorari expired. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) (holding that a judgment of conviction becomes final on "the date on which the defendant's time for filing a timely petition for certiorari review expires"). Thus, Brown had until December 19, 2012, one-year

3

from the date the judgment of conviction became final, to timely file his ineffective assistance of counsel and government misconduct claims. Brown provides no explanation for his nine-year delay in filing these claims. I will deny Brown's motion on his ineffective assistance of counsel and government misconduct claims because they are barred by the statute of limitations.

### B. *Johnson* Based Claims

In *Johnson*, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA") because it was unconstitutionally vague. *Johnson v. United States*, 576 U.S. 591. The residual clause in ACCA defined a "violent felony" as a felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Brown challenges both the validity of his conviction under 18 U.S.C. § 924(c) and his sentence under the career offender guideline based on *Johnson* and its progeny.

#### 1. Conviction Under Section 924(c)

Brown was convicted under 18 U.S.C. § 924(c), which prohibits the use or carrying of a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Prior to *United States v. Davis*, 139 S. Ct. 2319 (2015), "there were two statutory avenues available for determining an offense to be a crime of violence under § 924(c): either through what is called the 'residual' clause or through the elements clause of the statute." *United States v. Walker*, 990 F.3d 316, 324 (3d Cir. 2021) (citing 18 U.S.C. § 924(c)(3)). The residual clause defined a "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). In *Davis*, however, the Supreme Court, held that similar to *Johnson* the residual clause of § 924(c)(3) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. As a result, an offense is now a "crime of violence" within the meaning of §

924(c) only if it meets the definition contained in the elements clause, § 924(c)(3)(A).  The elements clause defines a "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).

The predicate offense that qualified as a "crime of violence" for Brown's conviction under § 924(c) was armed bank robbery, in violation of 18 U.S.C. § 2113(d).  Brown argues that armed robbery does not qualify as a "crime of violence" under the elements clause and therefore, his § 924(c) conviction is invalid.  In *United States v. Johnson*, 899 F.3d 191, 204 (3d Cir. 2018), however, the Third Circuit held that armed bank robbery under § 2113(d) is definitively a "crime of violence" under the § 924(c)(3)(A) elements clause.  Because Brown's conviction for armed robbery under § 2113(d) qualifies as a "crime of violence" under § 924(c)(3)(A), his conviction under § 924(c) remains valid.[2]

### 2. Sentence Under the Career Offender Guideline

Brown received a lengthier sentence because he qualified as a career offender under the Sentencing Guidelines.  Under the Sentencing Guidelines in effect when Brown was sentenced,[3] Brown had to have "at least two prior felony convictions of either a crime of violence or a controlled substance offense" to qualify as a career offender.  U.S.S.G. § 4B1.1(a).  The Sentencing Guidelines included a residual clause that defined a "crime of violence" as "any

---

[2] Brown's § 924(c) charge referred to both armed bank robbery and conspiracy to commit bank robbery as predicate crimes of violence.  Brown argues that his conspiracy conviction under 18 U.S.C. § 371 does not qualify as a "crime of violence."  It is irrelevant, however, that Brown's conspiracy conviction does not qualify as a "crime of violence" because the jury convicted Brown of armed bank robbery, which is a valid predicate crime for his § 924(c) conviction.  *See United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2020*)*.

[3] "With one exception not relevant here, 18 U.S.C. § 3553(a)(4)(A) instructs sentencing courts to consider the Guidelines ranges that 'are in effect on the date the defendant is sentenced.'" *Beckles v. United States*, 137 S. Ct. 886, 890 n.1 (2017). Accordingly, all references are to the Guidelines in effect when Brown was sentenced.

offense under federal or state law, punishable by imprisonment for a term exceeding one year . . . that involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). In *Johnson*, the Supreme Court invalidated an identically worded residual clause in ACCA because it was unconstitutionally vague. *Johnson v. United States*, 576 U.S. 591. Brown challenges his sentence under the career offender guideline based on the contention that the residual clause in the Sentencing Guidelines is unconstitutional. In *Beckles v. United States*, 137 S. Ct. 886, 892 (2017), however, the Supreme Court held that the residual clause in § 4B1.2(a)(2) is not void for vagueness. Brown's sentence as a career offender remains valid because the residual clause in § 4B1.2(a)(2) is not unconstitutionally vague.

## IV.  CONCLUSION

For the above reasons, I will deny Brown's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. A certificate of appealability will not issue.[4]

          S/Anita B. Brody
          ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:     Copies **MAILED** on 03-09-2022 to:

                                            Lavar Brown, defendant

---

[4] In the Third Circuit, a certificate of appealability is granted only if the petitioner makes: "(1) a credible showing that the district court's procedural ruling was incorrect; and (2) a substantial showing that the underlying habeas petition alleges a deprivation of constitutional rights." *Morris v. Horn*, 187 F.3d 333, 340 (3d Cir. 1999). Brown has not made such a showing.