IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | 06-365-1 |
| | : | |
| LAVAR BROWN | : | CIVIL ACTION |
| | : | 16-2208 |

May 19, 2022                                                                 Anita B. Brody, J.

## MEMORANDUM

On March 9, 2022, the Court denied Brown's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Brown moves to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). I will deny Brown's motion for reconsideration.

## I. BACKGROUND

### A. Factual Background

The Third Circuit has summarized the essential facts of Brown's case as follows:

On January 31, 2005, at approximately 11:20 a.m., Lavar Brown and an unnamed co-conspirator robbed the Nova Savings Bank in Wynnewood, Pennsylvania. Shortly thereafter, Officer Thomas Hollinger observed two men drive by in a gold vehicle. When Officer Hollinger attempted to stop the vehicle by activating his emergency lights and siren, the car accelerated and a high speed chase ensued. Moments later, Brown jumped out of the moving car and was pursued, on foot, by Officer Hollinger into an alley where he was apprehended. Brown was wearing black clothing and had a mask pulled down around his neck. The officer found a blue pillowcase containing money and a loaded .45 caliber semi-automatic pistol near the alleyway. Brown was arrested and brought to the police station for questioning. After waiving his Miranda rights, Brown gave three statements to police admitting his role in the bank robbery.

*United States v. Brown*, 445 F. App'x 474, 475–76 (3d Cir. 2011).

On September 29, 2009, a jury convicted Brown of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371; armed bank robbery, and aiding and abetting, in violation of 18 U.S.C. §§ 2113(d) and 2; carrying and using a firearm during and in relation to a crime of violence, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2; and being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Brown was sentenced to 300 months of imprisonment.

**B. Procedural Background**

Following his conviction, Brown was appointed new appellate counsel. Brown filed a timely notice of appeal. On September 20, 2010, Appellate counsel moved before the Third Circuit Court of Appeals to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), arguing that there were no non-frivolous issues for appeal. On September 20, 2011, the Third Circuit granted appellate counsel's motion to withdraw and affirmed the Court's judgment of conviction and sentence.

On May 2, 2016, the Federal Community Defender Office ("Federal Defender") was appointed to represent Brown for the purpose of litigating a § 2255 motion pursuant to *Johnson v. United States*, 576 U.S. 591 (2015). On May 6, 2016, Brown's counsel filed a *Johnson* based § 2255on behalf of Brown. Specifically, counsel argued that, in light of *Johnson*, Brown's conviction under 18 U.S.C. § 924(c) and his sentence based on the career offender guideline were no longer valid.

In September 2021, Brown's counsel informed the Court that Brown requested to raise additional pro se claims to supplement his § 2255 motion. The Court granted Brown's request and ordered him to file any additional pro se claims to supplement his §

2255 motion on or before December 28, 2021. On November 5, 2021, the Government filed a response to Brown's § 2255 motion. The Government argued that Brown's *Johnson* based claims were meritless. Additionally, the Government argued that any new pro se supplemental claims would be untimely because they were not filed within the one-year requirement prescribed in § 2255(f). Brown did not file any reply to the Government's response.

On December 24, 2021, Brown filed a pro se supplement to his § 2255 motion, adding claims of ineffective assistance of counsel and government misconduct. Brown provided several arguments why both his trial and appellate counsel were ineffective. For instance, Brown argued that his appellate counsel was ineffective because appellate counsel filed an *Anders* motion representing that there were no non-frivolous issues for appeal, even though he had not reviewed the closing arguments of Brown's trial counsel because a record of the closing arguments did not exist.

In his pro se supplement, Brown failed to address the timeliness of his supplemental claims under § 2255(f). Rather, he argued that his supplemental claims were reviewable because his *Johnson* based habeas claims were timely and reviewable.[1] On February 1, 2022, the Government filed a response to Brown's supplement to his § 2255 motion, reiterating the argument it had made in its previous response that Brown's supplemental claims were untimely.

On March 9, 2022, the Court issued a Memorandum and Order denying Brown's § 2255 motion. The Court denied Brown's *Johnson* based claims for the following

---

[1] In is undisputed that Brown's *Johnson* based claims were timely because they were filed within one year of *Johnson*, which qualified as a newly recognized right made retroactive to cases on collateral review under § 2255(f)(3).

reasons: (1) Brown's conviction under § 924(c) remains valid because his conviction for robbery under § 2113(d) qualifies as a "crime of violence"; and (2) Brown's sentence as a career offender remains valid because the residual clause in § 4B1.2(a)(2) of the Sentencing Guidelines is not unconstitutionally vague. *United States v. Brown*, No. CR 06-365-1, 2022 WL 704643, at *3 (E.D. Pa. Mar. 9, 2022). Additionally, the Court denied Brown's supplemental § 2255 claims because they were time-barred. *Id.* at *2. The Court explained:

> A one-year period of limitation applies to petitions filed under § 2255. 28 U.S.C. 2255(f). That limitation period runs from the latest of
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> *Id.* The timeliness of a § 2255 motion is determined on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113, 117-22 (3d Cir. 2004).
>
> \* \* \*
>
> On September 20, 2011, the Third Circuit denied Brown's appeal. On December 19, 2011, Brown's judgment of conviction became final when the time to file a petition for certiorari expired. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) (holding that a judgment of conviction becomes final on "the date on which the defendant's time for filing a timely petition for certiorari review expires"). Thus, Brown had until December 19, 2012, one-year from the date the judgment of conviction became final, to timely file his ineffective assistance of counsel and

> government misconduct claims. Brown provides no explanation for his nine-year delay in filing these claims. I will deny Brown's motion on his ineffective assistance of counsel and government misconduct claims because they are barred by the statute of limitations.

*Id.*

On March 14, 2022, after the Court had already issued the Memorandum and Order, Brown moved for leave to file a reply to the Government's response to his pro se supplement. The Court denied Brown's motion for leave as moot because it had already denied his § 2255 motion. On April 11, 2022, Brown filed the current motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e).

## II. RECONSIDERATION

Brown brings a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "A motion for reconsideration may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided." *Lusick v. City of Phila.*, No. 12-5150, 2013 WL 1187064, at *1 (E.D. Pa. Mar. 21, 2013). In order to prevail on a motion for reconsideration, a party seeking reconsideration must demonstrate one of the following: (1) "an intervening change in the controlling law"; (2) the availability of new evidence that was not available when the court ruled on the motion; or (3) "the need to correct a clear error of law or fact or to prevent a manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Although the Court denied both Brown's *Johnson* based claims and supplemental claims, Brown focuses exclusively on his supplemental claims that the Court ruled were untimely to argue that he is entitled to reconsideration.

Brown first contends that his motion for reconsideration should be granted because of the availability of new evidence. Brown argues that he only recently discovered in October 2021 that his appellate counsel did not have a transcript of his trial counsel's closing arguments and that this new evidence justifies a grant of reconsideration. To merit reconsideration, however, the new evidence could not have been available when the Court denied Brown's § 2255 motion. Because the Court did not rule on Brown's § 2255 motion until March 2022, evidence that was available in October 2021 before the Court ruled on Brown's § 2255 motion does not merit reconsideration.

Brown also argues that the motion for reconsideration should be granted to prevent a manifest injustice.[2] On February 1, 2022, the Government filed a response to Brown's supplement to his § 2255 motion. On March 9, 2022, the Court issued a Memorandum and Order denying Brown's § 2255 motion. On March 14, 2022, Brown filed a reply to the Government's response to his supplement that was denied as moot because the Court had already denied Brown's § 2255 motion. Brown contends that he did not timely reply to the Government's response because the Government never served him with a copy of the response and the Federal Defender did not mail him a copy of the Government's response to his supplement until March 7, 2022. Brown contends that if

---

[2] To the extent Brown also argues that reconsideration should be granted to correct a clear error of law or fact, reconsideration is not merited as Brown fails to identify any legal or factual error committed by the Court.

6

he had been given the opportunity to reply then he would have been able to demonstrate that his supplemental claims were timely filed and this inability to establish the timeliness of his claims qualifies as a manifest injustice.

For several reasons, Brown's inability to file a reply does not constitute a manifest injustice. First, the Government's response to Brown's supplement to his § 2255 motion was not the first time that the Government raised the argument that Brown's supplemental claims were untimely. Rather, on November 5, 2021, when the Government filed a response to Brown's § 2255 motion, the Government argued that any new pro se supplemental claims would be untimely because they were not filed within the one-year requirement prescribed in § 2255(f). Brown did not file any reply to the Government's November 5, 2021 response. Moreover, despite his awareness that the Government was arguing that his supplemental claims were untimely, Brown failed to address the timeliness of his supplemental claims when he filed his pro se supplement to his § 2255 motion.

Furthermore, even if Brown had filed a timely reply, the Court would still have held that Brown's supplemental claims were untimely. Section 2255(f) provides that a habeas claim is timely if it is filed within one-year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Brown argues that his supplemental claims are timely because he only discovered, less than a year ago, the facts supporting his claim that appellate counsel was ineffective for failing to raise the issue before the Third Circuit that there was no record of Brown's trial counsel's closing arguments.

7

From the outset, this argument does not support the timeliness of Brown's other supplemental claims because the timeliness of a § 2255 motion is determined on a claim-by-claim basis. *See Fielder v. Varner*, 379 F.3d at 117-22 (3d Cir. 2004). Crucially, it also does not support the timeliness of this specific ineffective assistance of appellate counsel claim.

In 2021, Brown requested a copy of his transcripts from the Federal Defender. In October 2021, Brown's counsel from the Federal Defender sent Brown the transcripts from his trial. When Brown pointed out that his trial counsel's closing arguments were missing from the transcripts, Brown's counsel responded, "It appears that no transcript was produced of defense closing argument on September 25, 2009." Pet'r Mot. Ex. C-2. Brown contends that his claim is timely because he could not have discovered prior to October 2021 that there was no record of his trial counsel's closing arguments. This claim, however, could have been discovered through the exercise of due diligence much earlier than October 2021.

Although Brown unsuccessfully requested transcripts on several occasions from the Third Circuit in 2010 while his case was pending appeal, *see* Pet'r Mot. Ex. A-1, there is no evidence that Brown made any attempt during the next decade to obtain the trial transcripts from the district court, or that he reached out to the Federal Defender for assistance obtaining his transcripts prior to 2021. Defendants routinely request and receive transcripts. If Brown had made a request and received his transcripts, he could have easily discovered that defense counsel's closing arguments had not been transcribed and raised his ineffective assistance of counsel claim at a much earlier date. Because this claim could have been discovered at a much earlier date through the

exercise of due diligence, all of Brown's supplemental claims, including this one, are untimely.

Lastly, Brown has not demonstrated that he would succeed on this ineffective assistance of appellate counsel claim if it had been timely filed. Brown frames his claim as a lack of a record of his trial counsel's closing arguments. He thus argues that appellate counsel was ineffective for failing to raise the argument that the lack of a record of defense counsel's closing arguments violated the Court Reporter Act, 28 U.S.C. § 753.  Brown's evidence, however, does not support Brown's conclusion that defense counsel's closing arguments were not recorded.  Rather, Brown's evidence supports a much more limited finding that the recording of trial counsel's closing arguments was not transcribed.  A copy of the Court's Minute Sheet for September 25, 2009 reflects that defense counsel's closing arguments were recorded.[3]  Because the trial was recorded, including defense counsels' closing arguments, no violation of § 753 occurred.  While Brown's claim could be construed to encompass the argument that appellate counsel was ineffective for failing to review trial counsel's closing arguments,[4] Brown has not demonstrated that appellate counsel's failure to perform such a review prejudiced Brown, a requirement necessary to establish an ineffective assistance of counsel claim.[5]  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

---

[3] A Copy of the Minute Sheet is attached to this Memorandum.

[4] It is possible that appellate counsel listened to the recording of trial counsel's closing arguments, but it is unnecessary to reach this question in order to rule on Brown's motion.

[5]  Even if a violation of the Court Reporter Act occurred, Brown would have to demonstrate prejudice as a result of his appellate counsel's failure to raise the issue on appeal.  *See United States v. Sierra*, 981 F.2d 123, 125 (3d Cir. 1992) (explaining "that the failure to comply with the Court Reporter Act does not warrant reversal without a specific showing of prejudice").

For the foregoing reasons, no manifest injustice occurred when the Court denied Brown's habeas petition. Brown has not demonstrated that he is entitled to reconsideration based on the need to prevent a manifest injustice or the availability of new evidence that was not available when the court ruled on the motion. Therefore, I will deny Brown's motion for reconsideration.

       _S/Anita B. Brody_
       ANITA B. BRODY, J.

Copies ecf _____ to:      Copies mailed 05-19-2022 to:

       Lavar Brown, defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| <u>James F. G. Scheidt</u><br>Court Reporter | <u>James F. G. Scheidt</u><br>Deputy Clerk |

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | <u>Salvatore Astolfi, AUSA</u> |
| vs. | : | <u>  CR   NO.   2006-365-1</u> |
| **LAVAR BROWN** | : | <u>Christopher Phillips, Esq.</u> |
| | : | |

## MINUTE SHEET

BEFORE JUDGE <u>Hon. Anita B. Brody</u>   DATE <u> 09-25-2009 </u>   TIME <u> 9:45 A.M.</u>

### CRIMINAL JURY TRIAL DAY #5
_____
### PROCEEDING

*Jury trial resumes from 09-24-2009.*
Lunch is ordered for 14 jurors.
At 9:45 a.m., the Court holds a charging conference in which edits to the Court's proposed jury charge are discussed and made as stated on the record.
The jury enters the courtroom at 10:15 a.m.
The following government's witness is called and sworn.
     Joseph Turek
The government rests.
Argued sur; defendant's oral rule 29 motion for acquittal --->>**DENIED as stated on the record.**
The following defense witness is called and sworn.
     Lavar Brown.
The Court makes the defendant's supplemental request for charge a part of the record.
The defense rests.
The government makes closing statements.
The defense makes closing statements.
The government makes rebuttal closing statements.
***The Court will not sit on Monday, September, 28, 2009 but will reconvene at 9:45 a.m. on Tuesday, September 29, 2009.***
Exhibits are identified and admitted as stated on the record.

**XC: SPEEDY TRIAL**


     Court adjourned at <u>3:34 P.M.</u>    To reconvene   <u>9:45 A.M. 09-29-2009</u>
IN CRIMINAL PROCEEDINGS, EXCLUDABLE DELAY CODES MUST BE INSERTED BELOW IF APPLICABLE, WITH THE EXPLICIT REASON FOR SUCH DELAY STATED HEREON.
   SPEEDY TRIAL ACT DELAY CODE(  )       [  ] The Court deems this case "UNTRIABLE"

**TOTAL TIME IN COURT  :   3 HRS. & 19 min.**
rev. 5/2003